48 CCPA

**GENERAL CIGAR CO., Inc., Appellant,**

v.

**ALLIED CIGAR CORP., Appellee.**

**Patent Appeal No. 6674.**

United States Court of Customs and Patent Appeals.

June 2, 1961.

Rehearing Denied July 13, 1961.

William D. Denson and Hobart N. Durham, New York City (Morgan, Finnegan, Durham & Pine, New York City, of counsel), for appellant.

Emanuel R. Posnack, New York City, for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.*

8. Reg. No. 588,041 issued April 13, 1954.

9. Reg. No. 591,117 issued June 15, 1954.

* United States Senior District Judge for the Eastern District of Pennsylvania,

MARTIN, Judge.

This is an appeal from the decision of the Patent Office Trademark Trial and Appeal Board, 123 USPQ 454, dismissing appellant's opposition to an application by appellee for registration of "WILLIAM TELL" as a trademark for cigars. The opposition is based on opposer's prior registration and use of "Wm. Penn," in association with a portrait of William Penn, as a trademark for cigars.

Since the goods are identical, the only issue is whether the trademarks are so similar that the use of "WILLIAM TELL" on applicant's cigars is likely to cause confusion or mistake, or to deceive purchasers. We do not think there is such likelihood.

In the first place, cigar smokers are most discriminating in their purchase of cigars. This fact has been confirmed by the president of the *opposer* corporation. In answer to a question as to whether cigar smokers are discriminating people he stated:

> "They are very discriminating smokers and have great brand loyalty. It is much higher in cigars than cigarettes. A man does not walk into a store, asking for a Perfecto, but he will walk into a store and ask for a 'Wm Penn' Perfecto, or a 'WM. TELL' Perfecto."

designated to participate in place of Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

As to the trademarks themselves, "Wm Penn" and "WILLIAM TELL," although there are some similarities such as the first name and the double consonants preceded by "e" in the last name, there are also definite dissimilarities. Opposer's trademark is the name of the founder of the Pennsylvania colony and, as registered, includes a picture of the gentleman, whereas applicant's mark is the name of a legendary Swiss archer. Those purchasers who have sufficient education to realize the significance of the names would not confuse the two characters, while the uneducated purchasers who consider the names per se are not likely to mistake one for the other.

Appellant relies greatly on evidence of alleged confusion which appears in the record to substantiate its position. However, the incidents to which appellant refers do not relate to purchaser confusion but involve the mistakes of a writer for a trade magazine and employees [1] of shops where the products of the parties are sold.

In view of the discrimination of the cigar smokers and the differences in the two marks, we do not believe that the use of the trademark by appellee on its goods is likely to cause confusion or mistake, or deceive purchasers. Therefore, the decision of the board is affirmed.

Affirmed.

1. Whether the writer or the employees are cigar smokers is not revealed in the record.